# BRODY, O'CONNOR & O'CONNOR, ESQS.
### ATTORNEYS AT LAW
1350 AVENUE OF THE AMERICAS, 24th FLOOR
NEW YORK, NEW YORK 10019

SCOTT A. BRODY_
THOMAS M. O'CONNOR_
PATRICIA A. O'CONNOR
AISHA K. BROSNAN
JONATHAN F. BANKS

(212) 233-2505
FAX (212) 233-2506

SUFFOLK OFFICE:
——
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
(631) 261-6411

TANYA M. DeMAIO
MAGDALENE SKOUNTZOS·
THERESA J. VIERA
EVA LEONE KENNEDY·

**MEMO ENDORSED**

OF COUNSEL
CRAIG J. TORTORA
ROBERT C. POLIZZO, JR.

_Also Admitted to Florida Bar
_Also Admitted to Connecticut Bar
+Also Admitted to New Jersey Bar

June 24, 2013

**Via Email: sullivannysdchambers@nysd.uscourts.gov**
Hon. Justice Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-13

Re:   **Constellation Newengergy, Inc. v. Capstone Capital Group, LLC et al.**
Docket No.: 13 CIV 3281(RJS)
Our File No.: NYCL 13-191 SB

Honorable Sir:

The undersigned has been retained to represent the interests of Capstone Capital Group, LLC and Capstone Credit, LLC, with regards to the action commenced by Constellation Newenergy, Inc as referenced above. The within letter is sent pursuant to your Honor's Individual Practice Rule 2 seeking a pre-motion conference for leave to serve a pre-answer motion to dismiss on behalf of my clients.

The basis for this motion is that my clients have no relationship whatsoever to Plaintiffs, and further, the Complaint itself is fatally deficient as a matter of law. This letter shall give an overview of the motion. A review of the complaint indicates that Plaintiff alleges to have entered into a contract with Allentown Metal Works, Inc. (hereinafter "AMW") to provide electricity and related products pursuant to an agreement which is not annexed to the complaint. (Complaint at ¶ 9). The Complaint alleges a balance due and owing in the amount of $119,416.56 under the contract. (Id at ¶ 13). The Complaint further alleges AMW has breached the contract by failure to make payment. The Complaint does not allege that my clients are parties to this agreement.

The only allegations made against Capstone Capital Group, LLC and Capstone Credit, LLC are set forth at ¶¶ "21" and "22" of the Complaint, which allege that Capstone Capital Group, LLC and Capstone Credit, LLC are alter egos of AMW, that they share the same officers, address and business. (Complaint at ¶¶ 21 and 22). In fact, Capstone Capital Group, LLC and Capstone Credit, LLC, are asset based lending funds. Each fund

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
ATTORNEYS AT LAW

Honorable Justice Richard J. Sullivan
June 24, 2013
Page 2 of 3

acts solely in the capacity as a lender. Neither of these funds at anytime, or under any circumstance, has ever had a business relationship of any type with AMW. Neither entity has lent money to, engaged in business transactions, or otherwise partaken in any business relationship with AMW. These funds are neither a parent nor subsidiary of a fund which engaged in business with Plaintiff. The Complaint fails to allege a viable theory of liability in this regard.

Had Plaintiff conducted proper pre-suit investigation, it would have learned that legal entities identified as Capstone Capital Group I, LLC and Capstone Business Credit, LLC were secured lenders to AMW. When AMW defaulted on its agreements with these lenders the lenders took action to foreclose under the loan documents. Constellation Newengergy, Inc. was an unsecured creditor which provided energy services to the Defendant, AMW. Neither Capstone Business Credit, LLC nor Capstone Capital Group I, LLC are parties to the agreement alleged in the Complaint. Thus, as lenders to AMW, they would owe no liability to Plaintiff as an unsecured creditor under any circumstances. Recognizing these parties would have no legal liability to Plaintiff even if named, Plaintiff makes an illusory claim to pierce the corporate veil, but fails to allege even a single fact from which this Court could find that the named parties (which had no relationship with Plaintiff), or the un-named proper parties ignored the legal status of "AMW" and dominated the affairs of same such that it had no legal or independent significance. See e.g. Capmark Financial Group v. Goldman Sachs Credit Partners LP, 2013 US Dist LEXIS 50992, 57 Bank Ct. Dec. 36 (SDNY, 2013). Thus, assuming we were in possession of a proper pleading, there would be no basis to impose liability as to my clients.

Regardless of Plaintiff's position concerning the merits of its claims, the pleadings are fatally defective and would require dismissal in any event. The allegations set forth in ¶¶ 21 and 22 are completely insufficient to state a claim for alter ego liability under federal pleading rules. Defendants respectfully refer the Court to the case of Sysco Food Service of Metro New York, LLC., v. Jekyll & Hyde, Inc., 2009 US. Dist. LEXIS 108317 (SDNY, 2009) by way of example.

My clients are incurring legal fees in connection with having to defend this action, and will incur further fees in connection with the application for a pre-motion conference, attendance at the motion conference and the filing of the motion to dismiss. Our firm wrote to Plaintiff's counsel on June 3, 2013, requesting a withdrawal of the Complaint as to my clients. Plaintiff's counsel never responded. As such, my clients will seek reimbursement of all costs, and expenses from this point forward. See e.g. Tenav v. The Culinary Teacher's Association of Hyde Park, New York, Inc., 225 F.R.D. 483; 2005 US. Dist. LEXIS 580 (SDNY, 2005).

In light of the foregoing, and given Plaintiff's counsel did not even respond to my letter of June 3, 2013, I would ask this Court to schedule a pre-motion conference in this matter.

Very truly yours,

BRODY, O'CONNOR & O'CONNOR, ESQS.

Scott A. Brody

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
**ATTORNEYS AT LAW**

Honorable Justice Richard J. Sullivan
June 24, 2013
Page 3 of 3

SAB/tah

cc:   **Via Facsimile: (212) 262-6298**
      Wong Fleming, P.C.


IT IS HEREBY ORDERED THAT Plaintiff shall respond to Defendants' letter by
Thursday, June 27, 2013.  IT IS FURTHER ORDERED THAT the parties shall appear
for a pre-motion conference regarding Defendants' anticipated motion to
dismiss on July 12, 2013 at 4:30 p.m. in Courtroom 905 of the United States
Courthouse at 40 Foley Square, New York, New York.  IT IS FURTHER ORDERED THAT
Plaintiff shall serve all Defendants with a copy of this Order and shall file
certificates of service on ECF indicating that service was effectuated.

SO ORDERED_____
Dated: 6/24/13
       RICHARD J. SULLIVAN
       U.S.D.J.

# Send Result Report



MFP
TASKalfa 3050ci
Firmware Version  2LC_2F00.003.104 2012.03.02

06/24/2013 13:28
[2LC_1000.006.063] [2K9_1100.002.001] [2LC_7000.003.101]

Job No.: 035033          Total Time: 0°01'20"          Page: 004

# Complete

Document:          **doc03503320130624132604**

| No. | Date and Time Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------------------|-------|------|--------|----------------|
| 001 | 06/24/13 13:26 **912122626298** | 0°01'20" | FAX | OK | 200x100 Normal/On |

[ N2P1902223 ]